IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Cornelis J. Clemons,                    :

          Plaintiff,                    :

     v.                                 :     Case No. 2:15-cv-0964

                                        :     JUDGE EDMUND A. SARGUS, JR.
Ohio Bureau of Workers                        Magistrate Judge Kemp
Compensation, et al.,                   :

          Defendants.                   :

REPORT AND RECOMMENDATION
AND ORDER

     Plaintiff, Cornelius J. Clemons, a non-prisoner *pro se*
litigant, filed this action asking for leave to proceed *in forma
pauperis*.  Mr. Clemons qualifies financially for *in forma
pauperis* status, so his motion for leave to proceed (Doc. 1) is
granted.  Also before the Court is a motion to expedite the
mandamus petition filed by Mr. Clemons.  (Doc. 2).  For the
reasons set forth below, the motion to expedite will be denied as
moot, and the Court will recommend that the complaint be
dismissed for failure to state a claim upon which relief can be
granted.

I.

     28 U.S.C. §1915(e)(2) provides that in proceedings in forma
pauperis, "[t]he court shall dismiss the case if ... (B) the
action ... is frivolous or malicious [or] fails to state a claim
on which relief can be granted...."  The purpose of this section
is to prevent suits which are a waste of judicial resources and
which a paying litigant would not initiate because of the costs
involved.  See Neitzke v. Williams, 490 U.S. 319 (1989).  A
complaint may be dismissed as frivolous only when the plaintiff
fails to present a claim with an arguable or rational basis in
law or fact.  See id. at 325.  Claims which lack such a basis

include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Pro se complaints are to be construed liberally in favor of the pro se party. See Haines v. Kerner, 404 U.S. 519 (1972). The Court is required to review the instant complaint under these standards.

II.

Mr. Clemons filed the instant complaint on March 18, 2015 against Defendants "Ohio (BWC) Administrator, Stephen Buehrer, and its Board of Directors." (Doc. 1, Ex. 6). In his complaint, Mr. Clemons alleges that "the State of Ohio is contractually, legally, and lawfully obligated to compensate him $1,829,078.00 for his cognizant injuries/losses that arose from injury occasioned in the course of his employment acknowledged in valid BWC claim number 10-858586." Id. at ¶19. Mr. Clemons states that the Defendants' failure to compensate him $1,829,078.00 is a breach of contract and a violation of his constitutional rights. He also alleges conversion of his property. Id. at ¶41. Mr. Clemons seeks an "extraordinary writ 28 USC §1651/as Ohio R.C.2731.06, R.C.2731.07," which he also refers to as "peremptory and/or alternative writ of mandamus." Id. at 10. Thus, "Petitioner Cornelius Clemons claimant of $1,829,078.00 Entitlement of Workers Compensation Fund with identifying claim number 10-858586; seeks this Court to issue Writ of Mandamus Ordering BWC to immediately make payment to Petitioner Clemons of

-2-

his $1,829,078.00 monetary property into his possession." Id. at ¶56.  Finally, Mr. Clemons seeks "declaratory judgment and relief: USC 28 [sic] §2201 and §2202" and "federal writ of habeas corpus or alternativley [sic] writ of habeas corpus Ohio R.C.2725.01; :R.C.2725.04, R.C.2725.06." Id. at 27.

Mr. Clemons also pursued his workers' compensation claim in the Franklin County Court of Common Pleas, where the court dismissed the complaint against the State of Ohio and several state employees for lack of subject matter jurisdiction.  See Clemons v. Ohio Bureau of Workers' Compensation, et al., 13CVC05-5646, slip op. (Aug. 5, 2013).  Mr. Clemons appealed to the Ohio Court of Appeals Tenth Appellate District, which affirmed the trial court's decision.  See Clemons v. Ohio Bureau of Workers' Compensation, et al., 2014 WL 1347755 (Ohio App. 10th Dist. Mar. 27, 2014).  Finally, Mr. Clemons filed a complaint for a writ of mandamus in the Ohio Supreme Court.  The Respondents, the Ohio Bureau of Workers' Compensation's Administrator, Steve Buehrer, acting in his official capacity and Board of Directors, acting in its official capacity, filed a motion to dismiss.  The Supreme Court of Ohio granted the motion and dismissed the case.  See State of Ohio ex rel. Cornelius Clemons v. Board of Directors of Ohio's Workers Compensation and Steve Buehrer, Administrator of Ohio Bureau of Workers' Compensation, No. 2014-1138, slip op. (Sept. 24, 2014).

### III.

Mr. Clemons seeks monetary damages and a declaratory judgment.  The Eleventh Amendment bars all suits, whether for injunctive or monetary relief against a state and its departments.  Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 152 n.2 (6th Cir. 1995), citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984).  And it bars suits for monetary damages against individuals in their official

capacities. However, it does not bar suits seeking prospective injunctive or declaratory relief against state officials for constitutional violations. <u>Cox</u>, 53 F. 3d at 152, n.2, citing <u>Thiokol Corp. v. Department of Treasury</u>, 987 F.2d 376 (6th Cir. 1993); <u>Ex Parte Young</u>, 209 U.S. 123 (1908).

The Supreme Court explained this immunity exception in <u>Ex Parte Young</u>. When a state official acts in violation of the United States Constitution, he "comes into conflict with the superior authority of that Constitution," and the state does not have the power "to impart to him any immunity from responsibility to the supreme authority of the United States." <u>Ex Parte Young</u>, 209 U.S. at 160.

In determining if the <u>Ex Parte Young</u> exception applies, a court considers whether the complaint "alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." <u>League of Women Voters of Ohio v. Brunner</u>, 548 F.3d 463, 474 (6th Cir. 2008), citing <u>Verizon Md., Inc. v. Public Serv. Comm'n of Md.</u>, 535 U.S. 635, 645 (2002)(internal quotations omitted).

The exception does not, however, extend to any retroactive relief. <u>Quern v. Jordan</u>, 440 U.S. 332, 338 (1979). That is, if a complaint against a state official is "based entirely on past acts and not continuing conduct that, if stopped, would provide a remedy to them, ... it ... does not come under the doctrine of <u>Ex parte Young</u>." <u>Gean v. Hattaway</u>, 330 F.3d 758, 776 (6th Cir. 2003) (dismissing plaintiffs' claim for injunctive relief from state officials after determining their complaint was based entirely on past acts).

The test for determining whether the <u>Ex parte Young</u> exception applies is a "straightforward" one. <u>Verizon Md., Inc.</u>, 535 U.S. at 645. The court considers "whether [the] complaint alleges an ongoing violation of federal law and seeks relief

-4-

properly characterized as prospective." Id. (alteration in
original) (citation omitted); Dubuc v. Michigan Bd. of Law
Exam'rs, 342 F.3d 610, 616 (6th Cir. 2003).  The focus of the
inquiry remains on the allegations only; it "does not include an
analysis of the merits of the claim." Verizon, 535 U.S. at 646;
Dubuc, 342 F.3d at 616.  Moreover, the Ex parte Young fiction
does not apply unless the officer sued has "some connection with
the enforcement of the act." Ex parte Young, 209 U.S. at 157.

    In this case, the allegations set forth by Mr. Clemons are
based on the denial of his workers' compensation claim.  As such,
the complaint is based entirely on past conduct and does not fall
within the exception outlined in Ex Parte Young.  Stated another
way, Mr. Clemons is seeking relief "for a past, one-time decision
of the [Bureau of Workers' Compensation] that purportedly
violated [his] federal constitutional rights." S & M Brands,
Inc. v. Cooper, 527 F.3d 500, 509 (6th Cir. 2008).  This is
clearly a request for retrospective relief.  The Eleventh
Amendment not only bars retroactive relief where the plaintiff is
seeking monetary damages, but all retroactive relief. Id.  Thus,
the Court will recommend dismissal of the claims for monetary,
declaratory, or injunctive relief against Defendants Ohio (BWC)
Administrator, Stephen Buehrer, and its Board of Directors.

    The Court now turns to the request for writ of habeas
corpus.  In order to be entitled to habeas relief, a person must
be "in custody" within the meaning of the relevant statute.  See
Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484,
488 (1973).  Here, Mr. Clemons does not allege that he was in
custody sufficient to invoke habeas corpus relief.  Consequently,
the Court will also recommend that his petition for a writ of
habeas corpus be denied.

IV.

    For all of these reasons, Plaintiff's motion for leave to

-5-

proceed *in forma pauperis* is granted. (Doc. 1) The motion to expedite mandamus is denied as moot. (Doc. 2). Finally, it is recommended that this case be dismissed under 28 U.S.C. §1915(e)(2) for failure to state a claim upon which relief may be granted.

V.

Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Procedure on Objections to Order

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or

part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/Terence P. Kemp
United States Magistrate Judge